FILED
JAN 19 2010
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| WILLIAM CODY, and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS LOEN; DERRICK BIEBER; DENNIS BLOCK; DEB BODDICKER; BARBARA BOLDT; RODNEY BROCKHOFT; MARY BURGGRAFF; GINA BUTTERWORTH; A. CRAMER; GLEN DEAN; KEITH DITMANSON; CLIFTON FANTROY; LISA FRASER; LINDA MILLER-HUNOFF; ERNAD IBRESIVIC; WILLIAM IRWIN; ROBERT KUEMPER; PAUL KURLE; TOM LINNEWEBER; JOE MILLER; MICHELLE OAS; LEE PERSON; TROY PONTO; TERRY REISNER; CATHY RENAUDIN; BRENT SCHAEFER; DARYL SLYKHUIS; JULIE SPURRELL; OWEN SPURRELL; C. STRAATMEYER; GARY TAYLOR; GRANT VAN VOORST; REBECCA WEAVER; BRAD WOODWARD; DOUGLAS WEBER; TIM REISCH; and unknown others, in their official and individual capacities,<br><br>Defendants. | CIV. 09-4169<br><br><br><br><br><br><br>ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Plaintiff's Motion Regarding Service (Doc. 16). The defense opposes the motion and urges dismissal of the unserved Defendants (Doc. 18). This matter was previously addressed in the Court's Order dated November 16, 2009 (Doc. 148, CIV. 08-4024). An appeal of that Order is currently pending before the District Court (Doc. 5).

Plaintiff again seeks assistance in the service of the Fourth Amended Complaint upon four former prison employees. The crux of the matter is that Plaintiff is unable to locate addresses for the former employees in order to include that information on the USM-285 forms for the US Marshal to serve them and defense counsel will not accept service on behalf of the former employees. In support of this latest motion, Plaintiff has submitted a brief identifying various seemingly viable solutions (Doc. 17).

In opposition to Cody's earlier motion to amend (*See* Doc. 113, CIV 08-4024) to add a claim based on service of process and a claim against opposing counsel, the defense argued Cody's motion should be denied because there are solutions to Cody's problem. (*See* Doc. 123, CIV. 08-4024). The solutions previously suggested by the defense are the basis for this motion by Cody. The solution proposed by the defense in opposition to Cody's earlier motion to amend is:

> **2. Cody's claim based on service of process would be futile.**
>
> In Claim 15, Cody proposes to add a claim against Warden Weber for allegedly preventing him from gaining personal information necessary to serve a number of proposed defendants. (Third Amended Complaint ¶¶ 303-311.) Cody has also raised this issue with the Court through a motion for assistance with service of process. (Doc. 105.) Cody's allegations against Weber fail to state a claim for two reasons.
>
> First, the information he sought–addresses for former employees–is confidential by statute. See SDCL § 1-27-1.5(7) (personnel information not open to inspection or copying).
>
> Second, other courts have developed procedures to effect service in cases where pro se inmate litigants have trouble locating former employees. When service has been ordered through the U.S. Marshal and a defendant cannot be located, courts have extended the time for service under Fed. R. Civ. P. 4(m) and have directed that a defendant's last known address be provided to the court under seal. See, e.g., Allen v. Siddiqui, 2008 WL 2217363 (W.D. Ky. 2008) (when the United States Marshals Service is directed to effect service, the plaintiff is relieved of the burden to serve process once reasonable steps have been taken to identify the defendants named in the complaint; if the Marshal cannot locate a defendant, the court can have the agency that previously employed the defendant file his last known address under seal); Skinner v. Beemer, 2007 WL 2982419 (E.D. Mich. 2007) ("Although the Court is disinclined to provide Defendant Mainprize's home address to the Plaintiff, it would be appropriate to direct the [Michigan State Police] to provide his last known

address to the Court in camera, subject to a protective order that it will not be provided to the Plaintiff himself."); Sellers v.United States, 902 F.2d 598, 602 (7th Cir. 1990) (approving use of U.S. Marshal to effect service due to inherent security risks in providing prisoners with addresses of former employees). The courts are clear, however, that inmates do not have any right to obtain confidential personnel information about correctional employees. See, e.g., Kowalski v. Stewart, 220 F.R.D. 599 (D. Ariz. 2004) (denying motion to compel interrogatory answer seeking former employee's social security number and residential and office addresses because "[r]eleasing Stewart's personal information to an inmate would jeopardize his personal safety").

Thus, the Court could help Cody effect service by requiring that addresses for former employees be provided to the Court under seal, but no authority establishes either that Cody has a right to that information from any prison official, or that any prison official can be sued for failing to provide it at his request.

Accordingly, after considering the entire file and in the interest of justice, it is hereby

ORDERED that Plaintiff's Motion (Doc. 16) is GRANTED as follows: On or before January 29, 2010, defense counsel shall provide to the Court *in camera* the current address information for Glen Dean, Ernad Ibresivic, William Irwin, and Grant Van Voorst. The Court will thereafter contact the US Marshals Service in order that the Fourth Amended Complaint may be promptly served on those defendants.

It is further RECOMMENDED to the District Court that Plaintiff's Objection to the Order dated November 16, 2009, (Doc. 5) be DENIED AS MOOT as the relief requested there is granted here.

Dated this 19 day of January, 2010.

BY THE COURT:

John E. Simko
United States Magistrate Judge